# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ANGELA HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case No. 2:14-cv-01-WKW-DAB |
| | ) |
| **PRIMED PHYSICIANS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's supplemental motion for a default judgment. (Doc. 102). Plaintiff argues that she is entitled to damages for back pay totaling $161,280, $35,000 in attorneys fees, and interest on those amounts. For the reasons stated herein, the Magistrate Judge recommends that this matter be set for an evidentiary hearing for determination of damages before the District Judge.

**I.     JURISDICTION**

On January 5, 2017, the above-styled matter was referred to the undersigned for review by United States Chief District Judge William Keith Watkins. (Doc. 86); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).  The court has subject matter over this dispute pursuant to 28 U.S.C. § 1331.  Personal jurisdiction and venue are not contested by the parties, and the court finds sufficient information of record to support both.

**II.    FACTS & DISCUSSION**

Plaintiffs Angela Harris, Marcus Watkins, and Valencia Grant filed this employment discrimination case against Defendant. As part of the complaint,  Plaintiff Harris claims that Defendant

1

both racially discriminated (Count Two) and retaliated against her (Count Four), in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (Doc. 1 at pp. 7-10, 12-13). On May 20, 2015, the court dismissed with prejudice the claims of Plaintiffs Watkins and Grant pursuant to an Order on a Pro Tanto Joint Stipulation of Dismissal. (Doc. 54).

On April 20, 2017, Plaintiff filed a motion for default judgment. (Doc. 98). On May 8, 2017, this court denied that motion without prejudice, and allowed Plaintiff to "may make an additional filing within 10 days of the entry of this order, either providing sufficient evidence, including evidence of mitigation of damages, other earnings, etc., so as to render an evidentiary hearing unnecessary to a fully informed determination of damages, or otherwise moving for an evidentiary hearing for determination of damages." (Doc. 99). In that order, this court stated:

> However, as the Eleventh Circuit recently held:
>
>> Damages in cases of default are governed by Rule 55. Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "Rule 55(b)(2), which covers 'all other cases,' requires the district court to hold an evidentiary hearing 'to determine the amount' of losses involved." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231–32 (11th Cir. 2005); *see United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."). Although an evidentiary hearing is not a "*per se* requirement," given the permissive language in Rule 55(b)(2)("The court *may* conduct hearings ...."), we have stated that evidentiary hearings "are required in all but limited circumstances," such as when hearing "any additional evidence would be truly unnecessary to a fully informed determination of damages." *Smyth*, 420 F.3d at 1232 n.13.
>
> *Safari Programs, Inc. v. Collecta International Limited*, No. 15-14799, 2017 WL 1455949, at *7 (11th Cir. Apr. 25, 2017). Although Plaintiff offers a calculation of her alleged damages and fees, this calculation is not supported by any citation to evidence of record, affidavit, or other basis to support this computation.

*Id*.

On May 29, 2017, Plaintiff filed a supplemental motion for default judgment. (Doc. 102), seeking judgment in the amount of $161,280 plus attorney's fees. Although described as being for backpay (with interest), this total is not supported by any detailed calculation or legal justification. Plaintiff makes reference to her hourly rate of pay and fringe benefits but does not apply these figures to specific time periods, nor does she support her request for a 3% annual increase. Moreover, she appears to be seeking recovery for the entire period since she was terminated, even though backpay is not a remedy unlimited in time. The Court also cannot discern how her claim for interest was determined. All these circumstances mean that Plaintiff has not made a showing of a liquidated sum nor one capable of mathematical calculation.

The supplemental motion was supported by an affidavit executed by Plaintiff in which she stated that she searched for work after being terminated from her employment and secured "comparable" employment for various periods of time as well as other lesser-paying employment. (Doc. 102-1 at ¶¶ 4-7)[1]. Plaintiff's affidavit describes various amounts of income claimed by Plaintiff from the time of her termination. Based on her asserted efforts to obtain work, there would be no deduction for failure to mitigate when she was not working. (Doc. 102-1 at ¶ 3). However, Plaintiff's lost income claim must be offset by her actual income, because she could not have received those amounts in addition to the income she would have received had she been working, even from employment she has not deemed "substantially comparable." Again from her affidavit and argument, the Court is unable to make a satisfactory determination of the proper offset.

---

[1] It is unclear whether Plaintiff has included the amounts she earned from employment that she did not deem to be comparable. However, that is a fact determination to be made by the court. Further, although a court will look to the similarity of compensation in determining if a plaintiff has mitigated his or her damages by seeking substantially comparable employment, compensation is not the only factor to be considered, nor has Plaintiff cited case law for the proposition that income earned at employment of a lesser kind does not count toward the mitigation of the calculation of damages. *See Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1138 (5th Cir. 1988), *Williams v. Albemarle City Board of Education,* 508 F.2d 1242, 1243 (4th Cir. 1974).

Though Plaintiff has had two opportunities to provide adequate documentation of her claims, she has failed to do so. This failure would support dismissal of the case. Mindful of the dictates from the court of appeals and that Plaintiff is entitled to judgment upon proper proof, the better course is to schedule a short hearing before the Court for that prove up, even if the resulting judgment is uncollectable.

### III.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that this matter be set for an evidentiary hearing, not to exceed one hour, for determination of damages before the District Judge.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **August 2, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this the 18th day of July 2017.

David A. Baker
United States Magistrate Judge