IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| ANGELA HARRIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-1-WKW |
| | ) | [WO] |
| PRIMED PHYSICIANS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Almost four years after Plaintiff filed her Complaint (Doc. # 1), this case is finally coming to a close by way of a default judgment in light of Defendant's failure to continue defending this action.

All of Defendant's attorneys filed motions to withdraw after notifying the court that Defendant had filed for bankruptcy (Doc. # 59), citing Defendant's financial troubles and implying that Defendant had stopped paying them (Docs. # 66, 67, 68). The court denied those motions rather than leave Defendant—a corporation—without counsel (Doc. # 81), although one of Defendant's attorneys was ultimately allowed to withdraw (Doc. # 83). Following a telephonic conference, the court found that "Defendant has abandoned the defense of this action" and invited Plaintiff to "file a motion for entry of default." (Doc. # 92, at 1.)

Plaintiff accepted that invitation and filed a Motion for Default Judgment (Doc. # 93), at which point one of Defendant's remaining attorneys and his firm renewed his motion to withdraw (Doc. # 94). The court denied the motion to withdraw and ordered Defendant to respond to Plaintiff's motion, but acknowledged that "the circumstances of the case make it nearly impossible for counsel to respond to pending motions and scheduling requirements, all of which may result in Defendant being subject to a default judgment." (Doc. # 95.) Defendant has not filed anything since.

Currently before the court is Plaintiff Angela Harris's Supplemental Motion for Default Judgment Against Defendant PriMed Physicians, Inc. (Doc. # 102.) The court held an evidentiary hearing concerning Plaintiff's motion on October 26, 2017, pursuant to the Magistrate Judge's Recommendation (Doc. # 103), which the court adopted (Doc. # 104). The record reflects that Plaintiff has complied with the procedural requirements for obtaining a default judgment: She has secured an entry of default from the clerk based upon Defendant's failure to defend. (Doc. # 97); *see* Fed. R. Civ. P. 55(a). The well-pleaded allegations of Plaintiff's Complaint (Doc. # 1) demonstrate a sufficient basis to support a finding that Defendant is liable to Plaintiff on the claims alleged. And Plaintiff has provided sufficient evidence in support of those claims.

The court further finds that Plaintiff has presented evidence that is adequate to justify an award of back pay, *see* 42 U.S.C. 2000e-5(g)(1), and the court in its discretion finds that Plaintiff is entitled to prejudgment interest on the back-pay award, *see E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987) (assuming—without deciding—that "the decision to award prejudgment interest in a Title VII back pay case lies within the discretion of the district court"). Prejudgment interest is calculated at the rates specified by the National Labor Relations Board from the date of Plaintiff's termination to today's date. *See Johnson v. TMI Mgmt. Sys., Inc.*, No. 11-0221-WS-M, 2012 WL 3257809, at *2 (S.D. Ala. Aug. 7, 2012) (citing *Guardian Pools, Inc.*, 828 F.2d at 1512; *Richardson v. Tricom Pictures & Prods., Inc.*, 334 F. Supp. 2d 1303, 1318 (S.D. Fla. 2004)). That rate was 4% in September of 2011 (the month Defendant terminated Plaintiff's employment), 3% from October 1, 2011, to March 31, 2016, and 4% from April 1, 2016, through the end of the current year. Office of Gen. Counsel, Nat'l Labor Relations Bd., Memorandum OM 17-26, *Board's Interest Rate Remains at 4 Percent for the First Quarter, Fiscal Year 2018* (2017).

Additionally, the court, in its discretion, will award Plaintiff reasonable attorney's fees as the prevailing party in this case. 42 U.S.C. § 2000e-5(k). The court finds that, under the lodestar method used to determine the reasonableness of a request for attorney's fees, Plaintiff's attorney's requested hourly rate and the

hours billed are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In sum, based upon Plaintiff's motion (Doc. # 102), Plaintiff's affidavit (Doc. # 102-1), and the evidence presented at the evidentiary hearing held on October 26, 2017, it is ORDERED as follows:

1. Plaintiff's Supplemental Motion for Default Judgment (Doc. # 102) is GRANTED;

2. Judgment will be ENTERED in favor of Plaintiff Angela Harris and against Defendant PriMed Physicians, Inc., on Plaintiff's claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, for back pay in the amount of $73,213 together with prejudgment interest, plus reasonable attorney's fees in the amount of $38,000 and court costs in the amount of $7625.

A separate final judgment will be entered.

DONE this 16th day of November, 2017.

                                        /s/ W. Keith Watkins
                             CHIEF UNITED STATES DISTRICT JUDGE